## John Crosby, Jr. *vs.* Dudley Leavitt.

A judge of probate has no authority to appoint an administrator in this commonwealth, if the deceased had his domicil in another state and left no effects here. And proof that the deceased was the defendant in an action pending at the time of his death, in which his personal property was attached, and that it was afterwards surrendered to him and removed from this commonwealth, upon the execution by a third person of an accountable receipt therefor to the officer, and that the deceased was the mortgagee in a mortgage of real estate, which was not discharged upon the record, though the mortgage debt was fully paid, is not sufficient to show such authority in the judge of probate.

No valid judgment can be recovered against the estate of a person who has died during the pendency of a personal action against him, by summoning in an administrator appointed by a judge of probate who had no jurisdiction; and a judgment so recovered will not authorize an action upon an accountable receipt to the officer for the property attached upon the writ.

Contract by a deputy sheriff, upon an accountable receipt in the usual form, executed by the defendant for property attached by the plaintiff upon a writ against Edward Dorr.

At the trial in the superior court, before *Ames,* J., it appeared that after the attachment of the property and the execution of the receipt, the property was surrendered to Dorr, who removed the same into the state of New York, where he lived, and where he afterwards died, leaving no effects in this state, unless the defendant's receipt to the officer can be so considered; or unless he can be considered to have left property by reason of being the mortgagee in a mortgage of real estate which has never been discharged or assigned, though the debt secured thereby had been fully paid.  The judge of probate for Berkshire county appointed an administrator of the estate of Dorr, who was summoned in to defend the suit, and judgment was rendered against him and an execution issued thereon, which was delivered to an officer who demanded the attached property of the defendant.

It was contended by the defendant that this appointment was void, and that the judgment was therefore invalid. But as it seemed desirable to the presiding judge that certain questions respecting alleged collusion in recovering the judgment should be submitted to the jury, he ruled *pro forma* that the appointment was valid; and, upon the questions submitted to them, the jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*H. W. Bishop,* for the defendant.

*J. N. Dunham,* for the plaintiff.

CHAPMAN, J. The defendant's receipt to the plaintiff was not the property of Dorr, and Dorr's administrator could have no title to it, either legal or equitable. It was a mere personal contract between the parties to it. The property receipted for was delivered by the defendant to Dorr, and taken by him to the state of New York; and there can be no reason for regarding it as assets in this state to be administered upon. The administrator of Dorr cannot regard the defendant as responsible to him for it.

As to the real estate, Dorr was a mortgagee, and the debt had been paid. If the payment was made at maturity, it extinguished the legal title of the mortgagee; if made at a later period, so as to leave the legal estate in him, the estate would, at his decease. descend to his heirs in trust for the mortgagor, and it furnished nothing to be administered upon.

As the domicil of Dorr was not in this state, and as he left no estate here which could be subject to administration, the decree of the judge of probate is void for want of jurisdiction. There is no ground for the suggestion that the defendant is concluded by the decree; for he was not a party to it.

*New trial granted.*